IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE KIDD, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 11-872 |
| v. ) | Judge Cercone |
| ) | Magistrate Judge Bissoon |
| BRIAN COLEMAN, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this case be dismissed without prejudice, *sua sponte*, due to Petitioner's failure to comply with the orders of this Court. It further is recommended that, to the extent that one is applicable, a certificate of appealability be denied.

### II. REPORT

George Kidd ("Petitioner") currently is a state prisoner incarcerated at the State Correctional Institution at Fayette ("SCI-Fayette") in La Belle, Pennsylvania. Petitioner filed the instant habeas petition, without filing fee or motion for leave to proceed *in forma pauperis* ("IFP") on July 1, 2011. (Doc. 1). On July 6, 2011, this Court ordered Petitioner to submit the applicable filing fee, or to file a motion to proceed IFP, on or before August 3, 2011. (Doc. 2 at 1). As of the date of this writing, Petitioner has not complied with that order, nor has he moved for an extension of time in which to do so.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." Id.

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper. They are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility.

Petitioner is proceeding in this matter *pro se*. There is no indication that he failed to receive the order set forth above. The responsibility for his failure to respond to the order in question is Petitioner's alone.

(2) Prejudice to the adversary.

The complaint has not yet been served on Respondents. As such, there is no indication that Respondents have been prejudiced.

(3) A history of dilatoriness.

Petitioner has not made any effort to move this case forward and has ignored this Court's orders. This is sufficient evidence, in this Court's view, to indicate that Petitioner does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Petitioner's failure was the result of any "excusable neglect," Poulis, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

Petitioner is an inmate proceeding *pro se*. Thus, the imposition of costs or fees upon Petitioner would likely be ineffective as a sanction.

(6) Meritoriousness of Petitioner's case.

At this early stage in these proceedings, it is impossible for this Court to determine properly whether Petitioner's claims have merit. This factor weighs neither for nor against dismissal.

Because four of the six Poulis factors weigh heavily in favor of dismissal, this case should be dismissed without prejudice. Additionally, to the extent that one is required, a certificate of appealability should be denied, because jurists of reason would not find it debatable whether Petitioner had failed to comply with the orders of this Court. See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000) (explaining standard for grant of a certificate of appealability where court does not address petition on the merits but on some procedural basis).

## III. CONCLUSION

For the reasons stated above, it is respectfully recommended that this case be dismissed without prejudice, *sua sponte*, due to Petitioner's failure to comply with the orders of this Court. Additionally, it is recommended that, to the extent that one is applicable, a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Petitioner is allowed until October 31, 2011, to file objections to this report and recommendation. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: October 16, 2011                  s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

cc:
**GEORGE KIDD**
DK-8382
SCI Fayette
P.O. Box 9999
La Belle, PA 14540-0999